436

## UNITED STATES v. PENNSYLVANIA GREYHOUND LINES, Inc.

### Cr. No. 15081.

United States District Court
E. D. Pennsylvania.

Aug. 11, 1949.

Edward A. Kallick, Asst. U. S. Atty., Philadelphia, Pa., James Y. Piper, Bureau of Motor Carriers Interstate Commerce Commission, Philadelphia, Pa., for plaintiff.

Ernest S. Burch, Harrisburg, Pa., for defendant..

McGRANERY, District Judge.

This is a motion to dismiss Counts XLI to L, inclusive, of the information filed against the defendant, on the ground that the Counts do not state facts sufficient to constitute an offense against the United States.

The wording of each Count involved, except for names and dates, is identical. Count XLI is as follows:

"On or about the 1st day of August, 1948, at Philadelphia, in the Eastern District of Pennsylvania, Pennsylvania Greyhound Lines, Inc., defendant, a common carrier of passengers by motor vehicle, did knowingly and wilfully fail to require William E. Skeeler, a driver in its employ, to keep a driver's log showing all of the places of origin and destination of his trips and all of the times said driver reported for and went off duty and all of the periods of driving and operating motor vehicles and other work performed by said driver on said day, in that said driver on said day operated a motor vehicle for the defendant engaged in the transportation of passengers on a trip leaving Baltimore, Maryland, at 12:50 a.m. for Philadelphia, Pennsylvania, arriving at Philadelphia, Pennsylvania at 4:05 a.m., but his driver's log for said day failed to show that he had performed any of such services, and contained entries that he was off duty at Philadelphia, Pennsylvania, from 12:01 a.m. until 7:00 a.m. (49 C.F.R., Sum.Supp., 191.5(a); 49 C.F.R., 1947 Supp. 7.59; 12 F.R. 3198; and 49 U.S.Code 322(a) [49 U.S.C.A. § 322(a)])."

The information was filed under Title 49, U.S.C.A. § 322(a), which provides penalties for the wilful violation of certain rules, regulations, requirements and orders of the Interstate Commerce Commission.

Defendant maintains that its duty under the applicable regulations of the I.C.C. was fully discharged by requiring the drivers to keep the prescribed form of log; that if such a log was required by the defendant to be kept, and was indeed kept, the fact that the driver kept the log inaccurately is no offense by the defendant against the United States. And the specified Counts in the information, it is urged, charge no more than the inaccurate keeping of log books by drivers.

The issue, therefore, is whether the pertinent regulations imposed upon the defendant merely the duty of requiring that log books in the prescribed form be kept by the drivers, or the more comprehensive responsibility for the proper maintenance of the logs.

The pertinent regulations of the I.C.C. are as follows: (1) Rule 5(a) of Part 5 of the Motor Carrier Safety Regulations, Revised (49 C.F.R., Cum.Supp. 191.5(a)), requiring drivers' logs to be kept, entries

to be made by the drivers; and (2) the Order of the I.C.C. dated May 6, 1947, effective July 1, 1947 (published in full May 16, 1947 in 12 Federal Register 3198, and referred to in 49 C.F.R., 1947 Supp. 7.59), making new provisions as to the form of such logs and as to the text of "Instructions For the Use of Driver's Daily Log," and "Method of Using Driver's Daily Log." It was therein ordered:

"* * * That Form BMC–59 (Sec. 7.59) *"Driver's Daily Log"*, embracing "Instructions for the Use of Driver's Daily Log (Form BMC–59)", and "Method of Using Driver's Log (Form BMC–59)", copy attached hereto and made part hereof, is approved, adopted and prescribed for appropriate use by drivers employed by or used by motor carriers subject to these regulations, including owner-drivers, as required by Section 191.5, *Driver's Log; * * * forms prescribed.* * * * *(a)* [Rule 5(a), Part 5, M.C.S.R., Rev.], as hereinafter amended.

*"It is further ordered,* That subject to the provisions of Section 191.5, *Driver's log; * * * Forms prescribed; * * * (a)* [Rule 5(a), Part 5, M.C.S.R., Rev.], each carrier subject to said regulations be, and is hereby required, commencing the effective date of this order to keep, or require to be kept, the said driver's log in accordance with Form BMC–59 (Sec. 7.59), *"Driver's Daily Log"* and accompanying instructions."

Thus, Form BMC–59 is expressly incorporated into the order, which further obliges the carrier to keep, or require to be kept, the driver's log *in accordance with Form BMC–59 and accompanying instructions.* The "Instructions for the Use of Driver's Daily Log (Form BMC–59)" include the following:

"Note Carefully.—Drivers, including owner-drivers, and motor carriers, will be held responsible for the proper maintenance of the daily logs. Failure to maintain these logs throughout the daily operating or failure to fill out any applicable entries of the prescribed form or failure to file copies of such logs at driver's home terminal will subject the driver and the carrier to penalties."

The Order of May 6, 1947, consequently, leaves no doubt as to the carrier's responsibility. A carrier cannot comply with Form BMC–59 and accompanying instructions unless it exercises a duty to see that the logs are *accurately* maintained thereunder. Where the logs are inaccurately maintained, the carrier is derelict in its duty.

Therefore, Counts XLI to L of the information do state facts sufficient to constitute an offense against the United States, and the motion to dismiss is denied.